UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ERNEST LANE TRIBBLE )
 )
v. ) NO. 2:12-CV-279
 )
DR. WILLIAM R. KINCAID, *ET AL.* )

# **O R D E R**

According to the complaint, plaintiff's decedent, Wanda Tribble, died as a result of breast cancer. The complaint alleges that her treating oncologist, Dr. William Kincaid, administered "watered down" chemotherapy drugs which either caused Mrs. Tribble's death, or at least failed to prolong her life.

The complaint recites that it later will be amended to add a claim for medical malpractice "as soon as the Tennessee statutory requirements are met." Therefore, since plaintiff himself says his complaint is not yet one for medical malpractice, it is not altogether clear how it should be characterized now. Fraud? Breach of contract? Whatever it is, plaintiff asks for Ten Million Dollars in compensatory damages and One Million Dollars in punitive damages.

Dr. Kincaid has filed a motion for Rule 11 sanction, (Doc. 6), in which he asserts that plaintiff's allegations in the complaint are "completely false and bogus . . . [and] . . . and have no evidentiary support." Dr. Kincaid asserts that this lawsuit is frivolous. The portion of his motion that is presently relevant is his request that he be allowed to file the medical

records regarding Mrs. Tribble now in his possession, and to offer testimony about his treatment or lack thereof of Mrs. Tribble, notwithstanding the provisions of Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), Pub. Law 104-191; see, 45 C.F.R. 164.512(e)(1)(i).

This court ordered plaintiff's attorney to respond to defendant's motion by 12:00 Noon on August 1, 2012. *See*, Document 8. Within a few hours of the filing of that order, plaintiff filed a "Response to Rule 11 Motion," Document 9. Although that response addresses to some extent the defendant's demand for Rule 11 sanctions, it said nothing about defendant's request to be relieved of HIPPA's restrictions on the disclosure of Wanda Tribble's medical information. For that reason, the court awaited the full allotment of time before ruling on defendant's motion. Plaintiff filed no further response.

Defendant's motion (Doc. 6), to the extent he asks that defendant be allowed to file in this case as circumstances require, all medical records in his possession regarding Ms. Tribble, and to testify about those records; Ms. Tribble's medical condition; and his treatment of Ms. Tribble, is GRANTED. See, 45 C.F.R. 164.512(e)(1)(i).

The Clerk is advised that this does NOT completely dispose of the motion, the primary thrust of which is Rule 11 sanctions and which is the province of the district judge.

SO ORDERED:

                                            s/ Dennis H. Inman
                                          United States Magistrate Judge